**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50021 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-01226-LAB-1 |
| v. | |
| FLORENCIO SERNA HERNANDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Submitted April 17, 2020**
Pasadena, California

Before: SCHROEDER and COLLINS, Circuit Judges, and BAYLSON,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Florencio Serna Hernandez appeals his convictions for illegal entry and illegal re-entry in violation of 8 U.S.C. § 1325 and 8 U.S.C. § 1326.  Serna Hernandez contends that the prosecutor impermissibly vouched during closing arguments when she said that the evidence had showed that he was born in Mexico.  *United States v. McKoy*, 771 F.2d 1207, 1211 (9th Cir. 1985).  He also contends that the district court should have dismissed the illegal re-entry count pursuant to 8 U.S.C. § 1326(d)(3) because his prior deportation proceeding was fundamentally unfair and violated due process.  *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013).  We affirm.

The record contains considerable evidence that Serna Hernandez was born in Mexico.  In January 2018, Serna Hernandez was apprehended by Border Patrol agents while crossing the United States-Mexico border.  At that time, Serna Hernandez told a Border Patrol Agent that he was born in Michoacan, Mexico and that he did not have paperwork authorizing him to enter the United States.  And, before trial, Serna Hernandez stipulated that he had four times stated under oath that he was "not a citizen of the United States."

At trial, defense counsel argued in closing that, because the government failed to produce Serna Hernandez's birth certificate, the government had failed to establish alienage beyond a reasonable doubt.  The prosecutor responded to this

2

argument by summarizing the evidence of alienage and arguing the evidence was sufficient to support a finding of alienage beyond a reasonable doubt.

Serna Hernandez contends that the prosecutor impermissibly vouched during closing arguments. A prosecutor may not make statements during closing arguments that the jury would perceive to be "based on [her] personal knowledge of the evidence," that amounts to "testimony" or that "vouch[es] for . . . evidence not produced at trial." *McKoy*, 771 F.2d at 1211. In responding to the comments of defense counsel, however, the prosecutor here was saying no more than that the evidence had shown that Serna Hernandez was born in Mexico. *See United States v. Molina,* 934 F.2d 1440, 1445 (9th Cir. 1991) (explaining that the prosecution has "the freedom to argue reasonable inferences based on the evidence"); *United States v. Redlightning*, 624 F.3d 1090, 1123 (9th Cir. 2010); *see also United States v. Kojayan*, 8 F.3d 1315, 1321 (9th Cir. 1993) (explaining that inviting the jury to make inferences is "the very essence of jury summation"). The district court, therefore, did not err by overruling Serna Hernandez's objections to the prosecutor's statements during closing argument.

Serna Hernandez challenges his 2009 removal hearing in two respects. First, he contends that the Immigration Judge (IJ) did not individually advise him of the availability of voluntary departure relief. We have held, however, that there is no

3

need for each individual to be addressed separately during deportation proceedings. *See United States v. Barraza-Leon,* 575 F.2d 218, 220 (9th Cir. 1978) (explaining that "deportation hearings may . . . include multiple respondents without automatically transgressing the bounds of due process."). The IJ asked if Serna Hernandez understood the IJ's group explanation of voluntary departure earlier that day, and Serna Hernandez indicated he did. Second, Serna Hernandez argues that the IJ failed to meaningfully investigate whether he was eligible for relief. In this case, however, the IJ inquired about his eligibility for relief, and Serna Hernandez has not identified any inadequacy or prejudice. There was no due process violation at Serna Hernandez's 2009 removal hearing. The district court therefore properly denied Serna Hernandez's motion to dismiss under section 1326(d).

**AFFIRMED.**